NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3414

_____

DAVID MCDERMOTT

v.

GMAC MORTGAGE GROUP, LLC
COMPREHENSIVE WELFARE BENEFITS PLAN,

Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cv-05299)
District Judge:  Hon. Legrome D. Davis

Submitted under Third Circuit LAR 34.1(a)
on May 10, 2010

Before:  BARRY and ROTH, <u>Circuit Judges</u> and HILLMAN,[*] <u>District Judge</u>

(Opinion filed: August 6, 2010)

O P I N I O N

**HILLMAN**, <u>District Judge</u>:

---

[*] Honorable Noel L. Hillman, United States District Judge for the District of New Jersey, sitting by designation.

GMAC Mortgage Group, LLC Comprehensive Welfare Benefits Plan ("the Plan") appeals the granting of David McDermott's ("McDermott") motion for summary judgment. The District Court determined that McDermott was entitled to supplemental long-term disability benefits under the Plan, and denied the Plan's cross-motion for summary judgment. The District Court had jurisdiction to consider the parties' motions under 29 U.S.C. §§ 1132(e)(1) and (f), as well as 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We will affirm.

## I. **Background**

On January 15, 2007, McDermott applied for supplemental long-term disability coverage ("the Policy"), which was one component of the Plan offered by his employer, GMAC Residential Capital Corporation, LLC ("GMAC"), and administered by Metropolitan Life Insurance Company ("MetLife"). The effective date of the Policy was April 1, 2007. Shortly after applying for the Policy, McDermott took a medical leave of absence from January 19, 2007 until April 16, 2007. He then returned to work on April 17, 2007 for three months, until going out indefinitely as a result of illness again on July 17, 2007. After complying with the requisite waiting period and paying his premiums, McDermott applied for benefits under the Policy. His application was denied by MetLife in December 2007, on the grounds that he was not "actively at work" as of the effective date of the Policy. McDermott's appeals of this decision were also denied and the instant litigation followed.

The District Court found that the Plan did not contain language sufficient to confer discretionary authority on MetLife and, accordingly, that a deferential standard of review of its denial of benefits was not appropriate. Applying a *de novo* standard of review, the District Court considered two different provisions cited by the parties.

First, the District Court considered the Short-Form Application for Individual Disability Income Insurance ("the Application"), cited by the Plan, which provides:

> MetLife will have no liability unless the Proposed Insured is working 30 hours per week at the regular place of business of the employer named in this application <u>as of</u> the effective date of the policy, or is in school on a full-time basis if a student.

(App. at 44 (emphasis added).) If this provision controlled, McDermott would have been properly denied benefits since he was on leave on April 1, 2007, the effective date of the Policy.

Second, the District Court considered the Summary Plan Description ("SPD"), cited by McDermott, which provides:

> <u>When Does Coverage Begin?</u>
>
> If you are a new hire, your coverage for a particular benefit begins on the date specified in Schedule A for that benefit and remains in effect through December 31 of the calendar year in which you first become eligible. Please note that you must be Actively-at-Work as an eligible associate (see "Eligibility" section page 6) in order for your benefit to become effective. <u>If you are not actively at work as an eligible associate when your benefits would otherwise become effective, these benefits will become effective on the date of your return to "Active Work" as an eligible associate</u>. "Actively-at-Work" or "Active Work" means that you are performing all the material duties of your job

with the Employer where these duties are normally carried out. If you were Actively-at-Work on your last scheduled working day, you will be deemed Actively-at-Work while on a paid vacation or on a scheduled non-working day, provided you are not disabled.

(*Id.* at 21 (emphasis added).) In contrast to the Application, if this provision applied to McDermott, by its terms the Policy became effective on April 17, 2007, the date he returned from his leave.

The District Court concluded that the SPD was susceptible to two possible meanings, as it could be read to apply to all employees (McDermott's position) or to new hires only (the Plan's position). Applying the doctrine of *contra proferentem*,[1] the District Court held that it must interpret the SPD in the manner most favorable to McDermott, that when so interpreted the SPD conflicts with the Application, and that the SPD must control when such a conflict exists. The District Court thus held that the effective date of the Policy was April 17, 2007, the date McDermott returned to active work, and MetLife erred in finding McDermott ineligible for benefits because he was not at work on April 1, 2007.

The Plan argues that the District Court erred in applying a *de novo* standard of review, and that MetLife's determination should have been reviewed under an arbitrary and capricious standard because it was granted discretionary authority under the Plan.

---

[1] "The doctrine that, in interpreting documents, ambiguities are to be construed unfavorably to the drafter." Black's Law Dictionary 377 (9th ed. 2009).

Further, the Plan argues that the District Court erred in finding that a conflict existed between the SPD and the Application. Instead, it argues, the SPD clearly and unambiguously related to new hires, MetLife's interpretation of the SPD was correct and at the very least reasonable, and even if a conflict existed the Application should have governed.

## II. Discussion

This Court exercises plenary review over an appeal from a grant of summary judgment. *Jacobs Constructors, Inc. v. NPS Energy Servs., Inc.*, 264 F.3d 365, 369 (3d Cir. 2001). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* (citing Fed. R. Civ. P. 56(c)). "In making this determination, we must consider the evidence in the record in the light most favorable to the nonmoving party." *Id.*

It is well established that a court must apply a *de novo* standard of review to adverse benefits determinations "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case an arbitrary and capricious standard of review is applied. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In determining the appropriate standard of review, a court must accordingly start with the terms of the plan. *Id.* at 111. A plan's grant of discretion can be either express or implied, although a general grant of administrative power does not imply authority to

determine specific benefits eligibility disputes. *Luby v. Teamsters Health, Welfare & Pension Trust Funds*, 944 F.2d 1176, 1180 (3d Cir. 1991). Any ambiguity in the plan must also be construed in favor of the insured. *Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, 1258 (3d Cir. 1993).

The Plan argues that the SPD contains several provisions that when read together with the Application grant MetLife discretionary authority. Specifically, the Plan refers to the following three provisions of the SPD:

- [T]he Employer reserves the exclusive right, power and authority, in its sole and absolute discretion, to administer, apply and interpret the benefits plans described herein, and to decide all matter arising in connection with the operation and/or administration of such plans except for matters reserved to an insurance carrier under its policy issued in connection with this Plan or matters under the control of an independent claims fiduciary. (App. at 33.)

- The Employer designs eligibility conditions and benefits that will be provided under the policy . . . , the insurance company administers the policy. (*Id.* at 19.)

- To make a claim for benefits provided under the Plan, you should obtain a claim form from the insurance carrier or administrator providing the benefit. The form should be sent to the insurance carrier or administrator who makes the determination with respect to whether you are eligible to receive benefits.

  If your claim for benefits is denied for any reason, you have the right to appeal the denial directly with the insurance carrier or administrator providing the benefit.

  You may consult the applicable benefit booklet or contact the carrier or administrator for a complete description of the

-6-

claim procedure and the claim appeals procedures.

The Employer does not have the authority to consider any claim made to an insurance carrier or decision the insurance carrier reaches. (*Id.* at 28.)

The Plan also refers to the following two provisions of the Application:

- Written proof of loss satisfactory to [MetLife] must be sent to us within 90 days after the end of each monthly period for which You claim benefits. (*Id.* at 53.)

- At [MetLife's] expense, as often as is reasonably necessary, We may require You to have an independent examination by a Physician of Our choice. (*Id.*)

We disagree that these provisions grant MetLife discretionary authority. Rather, these provisions are at most a grant of decision-making authority to MetLife, and not a grant of discretionary authority in making those decisions. *See Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1112-13 (9th Cir. 2001) ("An allocation of decision-making authority to MetLife is not, without more, a grant of discretionary authority in making those decisions."); *Cathey v. Dow Chem. Co. Med. Care Program*, 907 F.2d 544, 559 (5th Cir. 1990) (distinguishing between allocation of authority to review claims and discretionary authority).

Although the SPD clearly reserved discretionary authority for the Employer, GMAC did not make any of the decisions at issue in this case and there was no such reservation of discretionary authority for MetLife. In the absence of any express or

implied grant of discretionary authority to MetLife, we must apply a *de novo* standard in reviewing MetLife's denial of McDermott's benefits.[2]

The District Court carefully parsed the language of the SPD provisions and noted that while they vest discretionary authority in the employer, they created "a cut-out in that authority so that the employer's authority does not extend to 'matters reserved to an insurance carrier under its policy issued in connection with this Plan.'" (App. at 5.) The District Court also noted that the SPD "vest[ed] no authority, let alone discretionary authority, in insurance carriers like MetLife." (*Id.*) If GMAC intended to give MetLife discretionary authority to interpret the language of the Plan it could have easily done so. Having failed to do so, the District Court was correct to apply a *de novo* standard of review.

The Plan also argues that no conflict exists between the SPD and the Application, because the SPD only applies to new hires. Further, even if a conflict were to exist, the Plan argues, the SPD expressly integrates the Policy and the Plan, and provides that the Plan governs in the event of any conflict. We disagree. The language of the SPD, which is set forth above, can reasonably be interpreted as applying to all employees or to just new employees. Faced with such ambiguity, the District Court was required, as we are, to

---

[2] Having held that a *de novo* standard of review applies, we need not consider either the Plan's arguments regarding the application of an arbitrary and capricious standard, or McDermott's arguments regarding the untimeliness of MetLife's determination of his appeal.

construe the SPD in favor of McDermott. *Heasley*, 2 F.3d at 1258. So construed, we find that the SPD provides for an effective date of April 17, 2007, the day McDermott returned to active work, for the Policy. This effective date governs regardless of any conflicting language that may exist in the Application, the Policy, or the Plan, as it is well established that a summary plan description governs when any conflict exists with the plan language. *Burnstein v. Ret. Account Plan for Employees of Allegheny Health Educ. & Research*, 334 F.3d 365, 379 (3d Cir. 2005) (holding that terms of summary plan description governed over conflicting plan language even where it provided that the plan would govern in the event of any differences between the documents). We therefore conclude that MetLife erred when it found McDermott ineligible for benefits under the Policy.

## III. Conclusion

Accordingly, we will affirm the District Court's order granting summary judgment in favor of McDermott.